# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **I.S. and K.S.**

**No. 19-1045** (Raleigh County 2019-JA-153-P and 2019-JA-154-P)

**FILED**
**June 25, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother C.S., by counsel Robert David Goldberg, appeals the Circuit Court of Raleigh County's October 23, 2019, order dismissing the abuse and neglect petition concerning the children, I.S. and K.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem, Vickie Hylton, filed a response on behalf of the children in support of the circuit court's order. Respondent Father R.S., by counsel Amanda J. Taylor, filed a response in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in dismissing the abuse and neglect petition.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2019, the DHHR filed an abuse and neglect petition alleging that K.S. had bruises on his thigh from the father's "whippings." The petition alleged that petitioner had a Child Protective Services ("CPS") case pending against her in McDowell County, West Virginia, and did not have custody of the children. Ten days later, the circuit court held a preliminary hearing, wherein all respondent parents waived their rights to a preliminary hearing and the circuit court found probable cause for the children's removal. The circuit court also ordered the father to undergo a psychological evaluation. Thereafter, the DHHR deemed that petitioner was a

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

nonabusing parent and placed I.S. and K.S. with her in McDowell County. In August of 2019, the circuit court held a status hearing instead of an adjudicatory hearing because the DHHR was not prepared. The DHHR explained that it failed to obtain the father's psychological evaluation or complete interviews of I.S. and K.S. regarding the alleged abuse. The circuit court also learned that the father had not received supervised visitations with the children, so it ordered the DHHR to implement visitations with the children immediately. The circuit court then continued the adjudicatory hearing.

The circuit court held the adjudicatory hearing in October of 2019. The father argued that the DHHR failed to timely prosecute its case by failing to reschedule and obtain his psychological evaluation, establish his supervised visitations with the children, or conduct interviews of the children. During its case in chief, the DHHR produced three photographs of K.S.'s bruises. However, the DHHR worker testified that she did not know the source of the bruises nor how long they had existed. Petitioner made no objections, took no exceptions, and offered no testimony or other evidence to support the DHHR's case against the father. At the close of the DHHR's evidence, the guardian argued that the DHHR had been dilatory in its duties and failed to meet the burden of proof required at adjudicatory hearings. Based upon the meager evidence presented, the circuit court concluded that the DHHR failed to "prove its case by clear and convincing evidence" and dismissed the petition. The children were then returned to the care and custody of the father. It is from this October 23, 2019, order dismissing the petition that petitioner appeals.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

---

[2]At the time of the children's removal, petitioner did not have physical or legal custody of them. After the preliminary hearing, the DHHR temporarily placed the children with petitioner. However, at adjudication, the circuit court dismissed the petition and the children were returned to the care and custody of the father.

On appeal, petitioner alleges that the circuit court erred in dismissing the abuse and neglect petition because the dismissal was not in the children's best interests. According to petitioner, the DHHR should have been given more time to obtain evidence of abuse and neglect to adjudicate the father as an abusing parent. We disagree and find petitioner's argument without merit.

We have held that

> "[West Virginia Code § 49-4-601(i)], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W. Va. 438, 485 S.E.2d 176 (1997) (citations omitted). We give "appropriate deference to findings of the circuit court" as it "has a superior sense of what actually transpired during an incident, by virtue of its ability to see and hear the witnesses who have firsthand knowledge of the events." *In re Elizabeth Jo*, 192 W. Va. 656, 659, 453 S.E.2d 639, 642 (1994).

According to the record, the DHHR completely failed to carry its burden of proving that the children were abused and/or neglected by clear and convincing evidence. Indeed, petitioner concedes on appeal that "it is undisputed that there was little, if any, factual development" by the DHHR. The DHHR was granted a continuance to gather the evidence it needed for the adjudicatory hearing and, without explanation or justification, failed to do so. At the adjudicatory hearing, the DHHR produced only three photographs of K.S.'s bruises and the testimony of the worker who conceded that she did not know the source of the bruises nor how long they had been there. Despite being ordered to do so, the DHHR failed to conduct interviews of the children regarding the alleged abuse. Further, the DHHR failed to produce any other witnesses with knowledge of the allegations of the abuse or any other corroborating evidence. At the close of the DHHR's case in chief, the guardian argued that the petition should be dismissed and the children be returned to their home with the father. Indeed, petitioner concedes that the DHHR failed to meet its burden of proof and does not allege that the circuit court erred in making its finding. Rather, petitioner argues that the circuit court should have given the DHHR unlimited time to gather the necessary evidence to prove its case against the father, which disregards the father's right to a "fair, timely, and efficient disposition." W. Va. R. Proc. for Child Abuse and Neglect Proceedings 2.

To the extent petitioner argues that dismissal was not in the children's best interests, petitioner fails to support that assertion outside of her self-supporting claims and citation to cases discussing the welfare of the child standard. *See* Syl. Pt. 3, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children."). Petitioner cites Rules 2, 4, and 5, of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings but fails to explain how these rules were

violated or their application to the facts at bar.[3] Petitioner fails to explain or elaborate how the health and welfare of the children were negatively impacted by the circuit court's dismissal of the underlying petition. She cites no clear legal error nor any other basis for reversal. As discussed above, the circuit court properly dismissed the petition. Therefore, petitioner is entitled to no relief.[4]

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 23, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 25, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins

**DISQUALIFIED:**

Justice John A. Hutchison

---

[3]Rule 2 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings provides, in part, that the rules are designed to accomplish, among other things, the "fair, timely, and efficient disposition of cases involving suspected child abuse or neglect." Rule 4 provides, in part, that child abuse and neglect matters may be consolidated with other pending cases in "another circuit court, family court, or magistrate court." Rule 5 provides, in part, that abuse and neglect proceedings shall not be delayed "pending the initiation, investigation, prosecution, or resolution of any other proceeding, including, but not limited to, criminal proceedings."

[4]In support of her assignment of error regarding dismissal of the petition, petitioner additionally take issue with one of the circuit court's evidentiary rulings below regarding a DHHR worker's attempt to testify to certain statements from the children. We note, however, that petitioner did not object to this issue below and, accordingly, has waived this issue for appellate review. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009).

4